United States v. Rhodes Mr. Kendrick I'm glad to hear from you. Thank you. Thank you your honors may it please the court. Categorical approach we are back with another question about that issue. Mr. Rhodes has raised three issues in his brief but I'll start there. The sentencing issue essentially he argues that in South Carolina a violation of 4453 445 which involves drug activity and proximity to a school is categorically not a drug distribution offense under federal law. Because of that it cannot stand as a predicate offense for a career offender. I think this is a relatively simple issue. It's I read the transcript of the sentencing hearing the only argument that was made about the career offender use of the career offender enhancement was that the conviction was too old. And my concern is that by only focusing on the timing of the conviction and not on this categorical approach issue it did not allow for the Shepard documents and the kind of Shepard analysis that might have assisted the court. So how can that issue even be raised at this point? So your honor and I that's obviously an issue that we address in our briefs whether or not this should be considered another plain error standard. It was Mr. Rhodes position that the issue was raised and I briefed that it was raised in artfully but that it was apparent from the record which there's Fourth Circuit case law we cited that says that's enough. That it's obvious that he has called into question the character of the prior offense. So under these circumstances if you look at page 437 of the joint appendix the probation officer's response in the addendum which clearly goes back to the district court judge says in response to the classification objection here is what a crime, a drug distribution crime is under federal law. Here are the elements and these both meet the elements and that's incorrect categorically. As to the second part of your question I would argue that Shepard doesn't come into play here because there is a categorical match, a categorical non-match if you will. What does come into play that is interesting from Mathis is what I guess you could call the Mathis peak. Mathis says at around page 2256 of the opinion they're talking about how we figure out whether we're talking elements or talking means they cite Judge Kaczynski's opinion from the Ninth Circuit I believe the case of Rendon to say you can take a peek at the charging document because that is a very clear way to tell if these are means or elements. So you would have been able to look at the indictment which again is in the pre-sentence report and it's referenced in all of these the response the probation officer makes to those objections and that indictment clearly supports these being means not elements. So I think the simple answer to your question is it's there and it's apparent. The only thing that didn't happen was that maybe a more specific argument but the court wouldn't have been able to engage in a Shepard analysis. You know I think that we win under the modified categorical approach but I haven't conceded that that would be the appropriate approach. So again I'm not going to sit here and- Hold on a minute. Judge Traxler had a question. Sorry to interrupt you. No, no, no. Please. One of the things that concern me on this issue is this. If the statute is divisible and it is appropriate to look at Shepard documents, this judge appeared to be looking at an affidavit to make the decision and that makes me wonder if that constitutes plain error. I know of no authority for judges looking at Shepard documents to look at an affidavit. Right. The affidavit is absolutely not a Shepard document. So to the extent that that was relied upon that it would certainly be plain error. I think in this case, we never should have gotten there period. So I think it's confusing about how this was charged. I noticed as I was looking at it that the indictment tracks the language of the statute but actually adds terms that aren't in the statute. I mean it's an extremely broad indictment and I think that's the heart of what Mathis is trying to tell us. It is taking the formality of federal sentencing law and trying to reconcile it with the reality of state court practice. I've heard in oral arguments from this court but not seen it in an opinion where there is kind of questions about why can't we let the state continue with sort of these broad offenses. The answer is we can and we should and we don't even have the power to tell them not to. But when we get into our court, a lot of the things that the states have prosecuted and sentenced do not categorically match what the federal court would consider a crime. In this particular case, you know, I think you've got an indictment that charges a number of different things and we cite in our brief two cases from the late 1800s. One out of the Supreme Court. How did you find that case? Well, to get my old, old books out to read this one. On Lexis, your honor. I will thank my representative for the plan I'm on but I found them there because I think the problem that became immediately apparent to me after looking at Mathis which talks about sort of the test we're given in days come, what seems to be the question in determining whether a statute is divisible or not, which is our starting point, is what does the prosecutor have to do to charge that statute? If the prosecutor has to select an element from the statute and put that in the indictment and prove that beyond a reasonable doubt to the jury, then that's an element statute, that's a divisible statute. If the prosecutor can simply list some, all, however he wants to do it and put that in front of the jury in one count of an indictment, and we go back to the old 1800 cases that say the only way that's proper is if these are just different ways you can do the same thing. And that's what happened here. Quite simply, Mr. Rhodes has a conviction for something that is categorically more broad than what we would consider a distribution offense and he should not be a career offender. I think that's very plain under Days Camp and Mathis. It doesn't necessarily matter that we haven't specifically said, hey, this particular statute is overbroad. I think Mathis has already told us it's overbroad because we can match it up Was the South Carolina statute in the pre-sentence report? It was not. And why was that? Is that a little bit odd? No, I think that what happens is that they list the count and then usually the next paragraph will describe the indictment and then there'll be more facts after that. And there's a difference in what goes in a PSR for purposes of criminal history points as opposed to what we use for career offenders. So, no, and I think that's, you know, maybe just something that's left out of the PSR, but, you know, the 440. Just trying to follow a trend in this whole area, it seems to me that I thought when, you know, this whole categorical approach started off that there were divisible and indivisible statutes. But as we've gone along, the divisible statutes, where you look at the Shepard document, seem to be fewer and fewer and fewer. And I don't know that the divisible statute is extinct, but is it something of an endangered species? It's definitely a unicorn, if you will, your doesn't seem like we see it. That's what I'm saying, you know, we talk about it in the divisible statute, but most statutes seem to be indivisible. And I suspect the whole idea of the divisible statute is it does create confusion. It's more confusing than taking the statute as an maybe been a little coy about the divisible and indivisible. And I think we started out saying, yes, there are two, but what happened is the courts couldn't figure it out. So they ended up doing what I think is criticized in math, which is the modified categorical approach to determine if the modified categorical approach applies. And math has said, no, don't do that. You can look at the law, you can look at state court opinions, you can take a peek at the charging document, and that's the end of it. And I think you're right, your honor. I think at the end of the day, there just aren't a lot of statutes that can be called divisible because in state court, these statutes are old, they don't change that often, and they are intended to allow a prosecutor to broadly address state crimes, especially in the drug arena. Your basic point was, I thought, that the South Carolina statute could be violated by attempting to possess. If I can correct that, your honor, I put that in my brief and it struck me as I was looking at it last night, that that is language that is in the indictment, but I do not see the same language in the statute. However, the statute allows you to violate it by attempt to purchase. So what I think that tells us is that the prosecutor puts that in the statute, this attempt to possess, because it's a very broad statute as to whether you could sustain a conviction on those facts. I don't know. There's really not any case law on this, but what I think is important is that when you're standing in front of a state court judge figuring out what to do, you complete guilty to this charge under a variety of different ways. How does the change between, first of all, I want to say I appreciate your standard, how does the change between an attempt to possess, as it was in the indictment, and this statutory term, attempt to purchase, how does that, does that change the analysis in your view? It does not change the analysis because it's still categorical, elemental comparison. What it does is it doesn't make any difference to Mr. Rhodes, because if you were to find a non-categorical match, then the second you move to the indictment under the modified categorical approach, he specifically can't be held responsible under those terms, because there's no limiting of those terms in a Sheppard document. So, is your point still that the definition of controlled substance offense in 4b 1.2, that it says intent to manufacture, import, export, distribute, or dispense, that the purchase is not included in that? Not included, and nor does it match any of those terms. Pardon? It's not included, nor does it match any of those terms, even under, just trying to interpret it. So, yes, my point would be because purchase doesn't apply there. And the statute does explicitly refer to attempts to purchase as a ground for conviction. Purchase. And I think it would be very clear then you say that even though your brief was a little off, that the difference between the possession and purchase is not pivotal because neither possession or purchase is mentioned in the career offender guideline? Correct. Is that the nub of your argument? That is it. You can, I guess you can talk a little bit about your position on divisibility. And the reason I'm asking the question is there's a case from South Carolina I didn't see cited in the briefs called Brown v. State of South Carolina where our Supreme Court gives the elements of a particular offense that's included within our statute. It seems to me the way they've done it requires a finding that the statute is divisible. And I'm asking to answer a question that you don't have the background to. No, you're not. And I'll explain to you why, Your Honor. I've passed my time, so if I can answer this. No, no, answer the question. I'll try to be brief. And I'll just, again, in candor to the court, I also have United States v. Marshall pending in front of this court, in front of a different panel, which that is the argument we made there. We were in that case talking about a different statute, but colloquially we call these PWID, possession of the tenant or distributor, and then PWID proximity. That's not all they include, but the non-proximity version of the statute as well as the proximity version of the statute are at issue in Marshall, which we argued in October, and there hasn't been an opinion yet. So I do know Brown, I know it very well, and because if I remember correctly, Brown is relied on by the Fifth Circuit in an opinion that it reaches the opposite conclusion of what I want you to reach. But then, since you're familiar with Brown, doesn't that establish that as far as South Carolina is concerned, it's a divisible statute? It's unpublished. And that was an argument I had in the other case in the district court where the court basically said, you know, unpublished or published, doesn't make any difference. We can still rely on it. And I think that goes against everything we know about what published and any court, the reason you would not publish an opinion is because you don't want that to be the law. Now, I don't mean to speak for this panel, but I have heard other panels... The reason you do not want it to be the law. Your honor, unpublished opinion... But again, your honor, an unpublished opinion is not presidential. So maybe I said it again inartfully. So what I mean is you can't rely on that as a definitive statement of the law because it's not published. But it's persuasive. I mean, it's something one can look at and say a court found that this was a reasonable resolution of the issue. Right, it's certainly persuasive. And I have been the victim of having a case in state court get published and then depublished. And the reason they depublished it is because they didn't want people to rely on the part of the opinion that had originally been published. I think in this particular case, you can't hold a state unpublished opinion that would violate MAFIS. Because essentially what the Supreme Court is saying is even though you can charge this in all these different ways in one count, in this particular case what we've done is that the court allowed the jury to consider them separately. If a Brown is published, the Brown case I'm talking about is a published opinion. Then you have stumped me, because you had decided it's not really a fair question. I just wanted to point it out to Loretta, and he's answered the question. Thank you. Mr. Booth, tell us why you think the statute is divisible. Oh, why I think the statute is divisible? Yes. This particular statute, 4453-40, defines several different drug crimes. And they do it in terms of distribute, sell, purchase, manufacture, or unlawfully possess with intent to distribute. Our contention is that these individual drug crimes define separate elements, not separate means. These are legal terms of art. And whereas no court of appeals yet, and this court is considering the case in the Marshall case and may decide it, and it will have a bearing on this case. As I mentioned in my brief, other courts of appeals that have considered similar state drug statutes that define drugs in terms of manufacture, sale, distribution, possession with intent to distribute, have all unanimously concluded that those statutes are divisible because the verbs defining deliver, manufacture, whatever, are separate crimes. They're not separate means. Now, when you have a situation in this case where no court of appeals, no district court, has held that this South Carolina statute is not divisible, and you have courts of appeals considering similar drug statutes, and they have all concluded, to the best of my knowledge, that those statutes are divisible, which allows the modified categorical approach to be used in determining career offense. There is no plain error here. This case is actually stronger than the Carthorne case because the court remembers in Carthorne, and that involved an assault on a police officer statute. This court held that there was no plain error where there was a split in the circuits. Here, there doesn't appear to be a split in the circuits, and this court hasn't held, at least not yet, that the South Carolina statute, in this case, 4453-445, is indivisible. If it is divisible, assume it is divisible, and so assume that plain error review applies also. Yes. Let me ask you the same question. I'll ask Mr. Kendrick, which is, it appeared to me the district judge was relying on an affidavit as a Sheppard-approved document. I don't know of any authority for a judge to rely on an affidavit. I've never heard of that being a Sheppard-approved document. So if that is wrong, first of all, you think it's wrong. Two, is it? If it is, why is that a plain error? Well, the reason I will say in this case that, yes, you can't rely on affidavits. You're absolutely correct, Judge Strackler, as to that. But I would say this. Because the defendant did not make the specific objection in the district court that he's making in this court, as Judge Brinkum pointed out, the only objections he made was that the convictions were too old and that they involved small drug amounts. There are several gaps in this record. The statute wasn't before the district court. No question was presented as to what documents might have been sufficient to allow the district court to make the findings. Any of these gaps should be held against the defendant under the plain error doctrine. In other words, Judge Strackler, my question is, if the defendant had made a proper objection in the district court and said, hey, this statute is indivisible and we need to use a modified categorical approach, the government might then have said, well, now we need to go and see whether we can get Shepard-approved documents. Because the Shepard-approved documents include not only the indictment, they include the transcript of the guilty plea hearing, and they include the judgment. Now, I agree that the indictment in this particular case, or the excerpt in the pre-sentence report, is a little prolix. I mean, it includes attempt. It includes a few other things. But if a proper objection had been made, then the district court might have said, well, let's go get the appropriate documents. But my argument to you is this. If the defendant doesn't make the proper objection to the district court, he can't come up here to this court and say, well, the district court didn't do a divisibility analysis where the statute wasn't even presented to him, and the district court looked at an affidavit and never considered the judgment when he was never asked to do that. Well, what burden is on the government who has made the claim and asserted to the court that the defendant is a career criminal, he should receive a substantially higher sentence? Is all that is required of the government simply to allege that he should be treated as a career criminal and have no obligation to produce documents and records to back that up? No, allegations are not sufficient, Judge Traxler. But what you do have in this particular case is an allegation in the pre-sentence report at the very top of the paragraph before the indictment that he was convicted of possession with intent to distribute. Now, in the normal case, a Judge Brinkman, who is a district court judge, knows is that a district court judge can rely on the allegations in the pre-sentence report unless the defendant makes a proper objection. Again, you had not just an allegation by the government but an allegation in the PSR that said that the defendant was convicted of possession with intent to distribute. Now, I grant you again that the description of the offense in the PSR is pretty polished, but about four lines down it does say possess with intent to distribute. So that's one of the allegations. If a proper objection had been made, then the district court would have probably asked its probation officer, let's go get the judgment, let's get the transcript of the guilty plea hearing. And then it would have all been properly before this court and there wouldn't be the gaps in the record that you have here. Granted, there are gaps, as I keep saying. That should be held against the defendant, not against the government. So you do have an allegation in the PSR, not objected to, that the court was entitled to rely on, possession with intent to distribute cocaine. And then if you go ahead and look at 4B1.2B, one of the offenses that's included there is possession of a controlled substance with intent to manufacture. So our argument here, a very limited one, is that there was no plain error in this case. Do I have any further questions? If not, I'll be glad to answer any other questions. Are there any new cases as a result of any additional research you've done, Mr. Booth, that you wish to bring to the attention of the court? There are none that I found earlier this morning. I just wanted to look to decide a question as to whether you could take judicial notice of the statute under Rule 201. You can take judicial notice on your own motion. The defendant asked you to take judicial notice of the statute, and I don't object to that. If there are no further questions, I'll rest on the brief way I asked you to affirm the judgment. Thank you, Mr. Booth. Wouldn't we be going against a mountain of authority if we held this particular, because these sorts of drug statutes are very common across the country, where they'll have a list of all kinds of verbs, and if we held the statute to be indivisible, as you would wish, wouldn't we be going against a mountain of authority? Not a mountain of authority. You'd actually be going with the mountain of authority from the Supreme Court. I think you would be- I'm talking about the lower courts in this instance, with federal circuits and district courts that all pretty much held this kind of statute to be a divisible one. Well, and I think that if you look at our reply brief, we went through the cases that the government cited from other circuits to say that this is not plain error and distinguish those very clearly based on simply the Mathis opinion. You know, there are a number of statutes like this, but that doesn't mean that they all of a sudden become divisible because there are so many. As a matter of fact, I will apologize to the court. I had not read State v. Brown, or at least did not remember reading it, but I think it supports my argument because the Supreme Court in that case appears to have said that you can send distribution and PWID back to a jury and they can only convict on one or the other, which again would support indivisibility because in a divisible statute they could convict on both. So I think that- I understand the practical issue, but I think the Supreme Court has started harping on that. I think that probably is what led to the Mathis opinion, that they felt they had been clear in Descomp and saying these statutes that are indivisible and overbroad cannot support ACCA or career offender type enhancements. The circuits and district courts- There were more and more cases that were finding statutes indivisible, but if there's a classic case for finding a statute divisible, wouldn't it be this type of statute? Well, no, and I think that's because you look at the practical effect of the statute by taking that peek at the charging document, which is in the PSR, which clearly says all these things are what you're indicted for. And that's also, I think, supports why this is plain error because it's been put into issue that- we agree that the objection wasn't made specifically, and that's why I can back off my argument that it's definitely not a plain error, but even under plain error, Mathis has said you can't take these overbroad categories and make that support a career offender or an armed career criminal enhancement. And they've made no bones about it. I think there's a quote in there where they say, you can assume our opinions mean what we wrote. They're very, very clear that this is the law, that overbroad- What about the point of the affidavit? Did you object to that? It was not objected to. I didn't handle this case in the lower court, but I think that it wasn't objected to. I think that it's clear that the affidavit is not a Shepard document. I think that's a classic non-Shepard document because I don't know what that is, number one, and I have spent most of my time practicing in South Carolina. What did you object to in terms of the pre-sentence report? From what it looks to me that the exact objection in the Supreme Court- I mean, the district court is on page 437 of the joint appendix where the defendant objected to his classification as a career offender, including but not limited to paragraphs, and he lists all the paragraphs. So there's no question that that is not a very specific objection. I mean, that's very general. It is. Just in terms of giving the trial court some kind of help, and, you know, we have all sorts of cases that say if you take issue with anything in the pre-sentence report, you object. Otherwise, the pre-sentence report is adopted, and that's, you know, it's troubling because this case is framed in a very different fashion here up on appeal as it was in the trial court. The objection in the trial court was so general as to be boilerplate and meaningless, and all of a sudden we are up here on appeal, and these issues are refined in terms of the question of shepherd approved documents and what are they and whether it's divisible or indivisible. The trial court never had a shot at those, really, and, you know, I realize that you might think there's a plain error, but if we go and hold these things to be plain error, I wonder whether we're just absolving trial counsel of the need to give district judges some assistance. It can't be that all of the refinements and permutations of the case only emerge at the appellate level because trial judges are really our first line and the ones we rely on in terms of the entire sentencing function, and just pushing plain error too far takes it out of their hands, and they're the ones that are responsible for these sentences and for getting it right and they deserve to have it framed in a way that enables them to do their jobs. Let me ask you a question, though. Let's assume that the career offender enhancement had not played a part in the sentencing. Your client had a criminal history five to begin with, and you know there was at least one drug conviction, not even counted, which the court could have looked at and said the criminal history understates the severity of this man's record. The offense level, I think he brought it down to a 32, because he gave the generous crack cocaine, powder cocaine, and a level five history and offense level 32 would have yielded 188 to 235 as the advisory guideline range. You know, even if we sent it back, the court could very well be sentencing at almost the exact same sentence. So I guess part of my question is where is the actual prejudice or harm, even if there was error in this case? So I actually thought about that this morning, and I calculated where the guidelines could have ended up. So keep in mind that there is a rule that was cited, and I forget it's a long string of letters after, but there's a rule that was cited where essentially he didn't rule on any of the other arguments. Right. So kind of keeping in mind that there are other arguments out there. But the drug quantity was the only one that you might have had some success on because the other ones, the obstruction of justice, the other characteristics, I think this record is solid on those. Right, and I think the drug quantity, you know, there's no mandatory minimum because of the jury's verdict. I think that without going way far afield, there's some new arguments that would have existed at the time about what you can hold him accountable for kind of with the jury's verdict. I calculated it would not have been unreasonable for him to have gotten a sentence closer to 10 years or less without stretching your sentencing miracles, if you will. I think that it is possible he could be looking at a significantly lower sentence without the career offender. He was before the same federal judge who had sentenced him a few years earlier to about, what, seven or eight years, and then he violated supervised release on that sentence. Right. As a practical matter, most judges, when they have that kind of a record, are not going to go back to a similar type of sentence. I mean, I understand your point. I do think that the Supreme Court case that I maul the name of, but the Molina case, when I was listening to the argument in that and they talked about the anchoring effect of the guidelines, forgetting about the legal part of it, I think there's definitely an anchoring effect the guidelines have on a judge so that if the guidelines are significantly less, the judge did not give him the maximum sentence. So I think that it is the cases that essentially he was prejudiced by having a much higher guideline level than he would have had, and because none of those issues were decided, even if we think some of them had merit and some didn't, I don't know that we can rely on anything that wasn't decided by the judge because those would have been argued. I'm out of time. You want to remand? No, Your Honor. I want you to remand it with instructions, not to send it to him as a career offender, but if you're inclined to simply remand it. There may be a lot of Shepard approved documents out there. And such as the... And there are a lot of Shepard approved documents out there in the weeds. The concern we always have, I guess. My colleague's question is an apt one. I guess I will claim I have not had enough cases remanded to know whether I want it or not, Your Honor. And just for the record, so I'm clear, you have basically abandoned the sufficiency of the evidence argument and the issue about the admission of the pretrial statements. Better practice, I think, would just say I stand on what we've read. You don't have to raise it. But this is one where you don't have to raise something. You've raised it in your brief. Yes, sir. And I see, Mr. Kendrick, that you're court appointed. I very much appreciate your argument in service to the court. And, Mr. Booth, we always appreciate your arguments before us. It's good to have you here. Thank you. We'll come down to Greek Council and move into our last case.
judges: J. Harvie Wilkinson III, William B. Traxler Jr., Leonie M. Brinkema